ALLEN v. ALLEN.

(Court of Civil Appeals of Texas. Austin. May 28, 1913. Rehearing Denied June 18, 1913.)

1. HUSBAND AND WIFE (§ 248½*)—COMMUNITY PROPERTY—WHAT CONSTITUTES.

Where a deed from a husband prior to his marriage was a mortgage, the fact that the husband and wife subsequently occupied the land for a period sufficient to acquire title by adverse possession did not render the land community estate, the entire interest in which passed to the wife on the husband's death without issue. Allen v. Allen, 158 S. W. 1049.

[Ed. Note.—For other cases, see Husband and Wife, Cent. Dig. § 888; Dec. Dig. § 248½.*]

2. APPEAL AND ERROR (§ 172*) — REVIEW—QUESTIONS NOT RAISED BELOW.

The question as to the right of plaintiff to foreclose an instrument will not be reviewed, where the issue was not raised by the pleadings.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 1070–1078; Dec. Dig. § 172.*]

3. HOMESTEAD (§ 143*)—RIGHT OF WIFE.

Since, under Const. art. 16, § 52, a surviving wife is entitled to the use and occupation of the homestead for life, the deceased husband's brothers and sisters took their interest therein subject to the wife's right.

[Ed. Note.—For other cases, see Homestead, Cent. Dig. § 270; Dec. Dig. § 143.*]

Appeal from District Court, Travis County; Geo. Calhoun, Judge.

Action by Matilda Allen against Thomas Allen. From a judgment for plaintiff, defendant appeals. Reversed and remanded.

E. T. Moore and Jos. W. Cloud, both of Austin, for appellant. Ike D. White and Fred C. Von Rosenberg, both of Austin, for appellee.

Statement of the Case.

RICE, J. The following statement of the nature and result of this suit is taken substantially from appellant's brief: Appellee, Matilda Allen, brought this suit in the ordinary form of trespass to try title against Thomas Allen and Jerry Menefee for title and possession of 41.15 acres of land, being the east half of an 82.3-acre tract out of the Caldwell league in Travis county, describing the same by metes and bounds, claiming title thereto in fee, and likewise under the ten-year statute of limitation, alleging that she was the surviving wife of Edmund Allen, deceased, and that she and her husband held possession thereof from January, 1893, to the date of his death, and that she held possession thereafter to the time she was ejected by appellant.

Menefee disclaimed. Appellant in his first amended original answer pleaded general demurrer, general denial, and not guilty; likewise a cross-action, alleging that he was the owner of the title to said property, and that appellee was asserting some claim by virtue of some sort of contract, the exact nature of which he did not know, and such claim constituted a cloud on his title, praying judgment for affirmative relief against appellee, that she be required to show her title, for removal of cloud, and general relief.

By supplemental petition appellee demurred to appellant's cross-action and pleaded not guilty, and the five and ten year statutes of limitation.

Appellant filed a trial amendment, specially denying the allegations of appellee as to limitation, and alleging that during the time that Edmund Allen was in possession, and up to his death, he leased and rented from appellant, and occupied said land as lessee, and that appellee, after his death, continued to so occupy said land as his tenant, and that their possession was never adverse to him, and, further, that at the time Edmund Allen went into possession as tenant of appellant he desired to repurchase the land from appellant at the same price that he had sold to appellant, namely, for $1,250, and it was agreed between appellant and Edmund Allen that he would rent until he was able to repurchase it, and that he rented it and paid rent therefor; that said sale was never made, because Edmund Allen never obtained the money to purchase same; that at the time the contract was made with Edmund Allen he was unmarried—praying as in his original petition.

Appellee, after general and special exceptions thereto, and general denial, specially answered, denying any such lease, or that there was ever any conveyance made of the land from Edmund Allen to appellant, but, if such conveyance was ever made, it was intended as a mortgage; that, if it was true that appellant agreed to sell said property to Edmund Allen, appellant agreed, after Edmund's death, to surrender his interest to appellee for $1,250; that Edmund died without issue, intestate, whereupon appellee became subrogated to all the rights of Edmund in said property under such contract; and that, if the court should find that such contract of sale and purchase was entered into, she now offers to pay to appellant said

$1,250 on such terms as the court might direct—praying for judgment for the land and for general and special relief.

The case was tried before the court without a jury, who filed the following conclusions of fact and law:

### "Findings of Fact.

"1. I find that the plaintiff, Matilda Allen, and Edmund Allen, deceased, were married on or about the 23d day of January, 1893, and that the said Edmund Allen died intestate, without issue, on or about the 15th day of September, 1909, leaving the plaintiff, Matilda Allen, as his surviving wife.

"2. That on or about the ——— day of ———, 1887, the said Edmund Allen, deceased, went into possession of the lands and premises described in plaintiff's petition, and occupied the same up to his marriage with the plaintiff, and that from and after their marriage the said Edmund Allen, deceased, and plaintiff, resided upon said land, cultivating, using, and enjoying the same as their homestead up to the date of the death of the said Edmund Allen; that the said Edmund Allen and plaintiff had and held open, notorious, and adverse possession of said land from the time said Edmund Allen entered upon the same, for the period of more than ten years, claiming the same as their own and adverse to every other person; that, after the death of the said Edmund Allen the plaintiff, Matilda Allen, claimed and held open and adverse possession of said land, cultivating, using, and enjoying the same, up to the ——— day of January, 1910, when the defendant, Thomas Allen, wrongfully entered upon the same and took possession thereof; and that the defendant's entry upon and taking possession of said land was a trespass upon the rights of the plaintiff, Matilda Allen.

"3. That the instrument under which defendant, Thomas Allen, claims title to said land, dated the 20th day of March, 1886, though a deed absolute upon its face, was not intended by the parties thereto to operate as a deed, but the same was intended to be a mortgage, and I find from the evidence that the same is a mortgage, and not a deed.

### "Conclusions of Law.

"From the foregoing findings of fact, and pleadings in this case, I conclude as a matter of law that the defendant, Thomas Allen, is not entitled to recover anything against the plaintiff, Matilda Allen, on his cross-action, and that the plaintiff, Matilda Allen, is entitled to recover of and from defendant, Thomas Allen, title to and possession of said lands described in plaintiff's petition, and her costs in this behalf expended. I further conclude that, in the event the instrument under which the defendant, Thomas Allen, claims should be held and considered as a deed absolute, and not a mortgage, plaintiff is nevertheless entitled to recover title and possession of said lands by and under the ten-year statute of limitation.

"Judgment will therefore be entered in favor of the plaintiff for title and possession of said lands and premises and for her costs in this behalf expended.

"Geo. Calhoun, Judge Presiding."

### Opinion.

[1] While many questions are presented by this appeal, it is only necessary, in our judgment, to discuss the one challenging the correctness of the conclusions of law on the part of the court. It is urged that the court in such conclusions erred, in that it failed to determine whether the property in controversy was the separate property of Edmund Allen, or the community property of Edmund Allen and appellee. If the conveyance under which defendant, Thomas Allen, claims title to the land was in fact a mortgage, as found by the court, then it is clear under the evidence that the land was the separate property of Edmund Allen; and upon his death, intestate and without issue, title to one half thereof vested in appellee, and the other half passed to his other heirs, as directed in article 2462, Rev. Stat. 1911, for the reason that the title thereto was acquired by Edmund prior to his marriage. See, also, article 4621, Rev. Civ. Stat. 1911. But if said instrument was a deed, as claimed by appellant, then if the facts set up in plaintiff's petition were true, the land in controversy became the community property of appellee and Edmund Allen; and upon his death, without issue, she was entitled to inherit his half, and thereby became the owner of the entire tract. See article 2469, R. S. 1911. The court, however, seemed to conclude that appellee was entitled to said land, irrespective of whether said conveyance was a deed or mortgage. In this there was error.

[2] It is unnecessary for us to pass upon the question as to appellant's right to a foreclosure of said instrument, if the same was a mortgage, because this issue was not raised by the pleadings. If appellant in his pleadings had asserted this right, the statute of limitations, if the facts warranted it, might have been urged as a defense thereto.

[3] It appears from the evidence in this case that the property in controversy was the homestead of Edmund Allen and his wife. It therefore may not be improper for us to suggest that, even though it should be found that the conveyance above mentioned was a mortgage, and not a deed, and said Edmund acquired title thereto prior to his marriage, and that his wife was only entitled to one-half thereof, still the brothers and sisters of the deceased could not dispossess her, for the reason that under the Constitution the surviving wife was entitled to use and occupy the same as a homestead during her lifetime, and they took their interest subject to her right so to do. See section 52, art. 16, Constitution of Texas.

For the reasons above indicated, the judgment of the court below will be reversed, and the cause remanded.

Reversed and remanded.